UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:12cr339-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | (PRELIMINARY) |
| | ) | PENDING RULE 32.2(c)(2) |
| CRYSTAL GOODSON-HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 982 and 981, 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A $1,500,000.00 forfeiture money judgment, such amount constituting the proceeds of the offenses to which Defendant has pled guilty.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issues subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment in the amount of $1,500,000.00 shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation. Defendant shall be jointly and severally liable for payment of the forfeiture money judgment with defendants including Danielle Vaughn, Mary Vaughn, James Tyson, Jr., Carrie Tyson, Victoria Hunt, Ramin Amini, Purnell Wood, Donte Thorogood and any other defendants whom this Court identifies in further forfeiture orders as co-conspirators of Defendant.

The parties stipulate and agree that the aforementioned money judgment constitutes proceeds of defendant's 18 U.S.C. § 371 offense and 18 U.S.C. § 1956(h), and is therefore subject to forfeiture pursuant to 18 U.S.C §§ 981 and 982, 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

JILL W. ROSE
ATTORNEY FOR THE UNITED STATES
PURSUANT TO 28 U.S.C. § 515

_____
BENJAMIN BAIN-CREED, ESQ.
Assistant United States Attorney

_____
CRYSTAL GOODSON-HUDSON
Defendant

_____
WILLIAM R. TERPENING, ESQ.
Attorney for the Defendant

Signed this the 11th day of January, 2013.

_____
UNITED STATES _DISTRICT_ JUDGE